## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------ x
DEAVEN TUCKER,                  :
                                :
        Plaintiff,              :
                                :
                                :
v.                              :
                                :
GLORIA GENEGO, JOSE ANGEL       :   Civil No. 3:19-cv-2014(AWT)
RIVERA, GIULIANNA MUDANO, and   :
ROCHELLE LIGHTNER,              :
                                :
        Defendants.             :
                                :
                                :
                                :
------------------------------ x
```

### ORDER RE MOTION TO DISMISS

Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 51) seeks to dismiss almost all of the claims in Count One of the Second Amended Complaint (ECF No. 50); it does not seek to dismiss Count Two. For the reasons set forth below, the partial motion to dismiss is hereby GRANTED.

### I.    BACKGROUND

On December 24, 2019, the plaintiff filed the original complaint in the instant case. He filed an amended complaint on March 10, 2020, and a second amended complaint was filed on April 7, 2022.

Count One of the Second Amended Complaint sets forth a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983

against defendants Deputy Warden Guilianna Mudano, Licensed Practical Nurse Gloria Genego, and Captain Jose Angel Rivera. Count Two sets forth Eighth Amendment claims for deliberate indifference to serious medical needs pursuant to 42 U.S.C. § 1983 against Genego and Medical Supervisor Rochelle Lightner.

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555

(internal citations and quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 547. "A claim has facial plausibility when the [claimant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993). "[I]n some cases, a document not expressly incorporated by reference in the complaint is nevertheless 'integral' to the complaint and, accordingly, a fair object of

-3-

consideration on a motion to dismiss. A document is integral to the complaint 'where the complaint relies heavily upon its terms and effect.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir. 2016) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002)).

### III. DISCUSSION

#### A. Claims Arising from Alleged Conduct that Occurred Prior to December 24, 2016

The defendants move to dismiss all of the retaliation claims that are based on alleged conduct that occurred before December 24, 2016 as barred by the applicable three-year statute of limitations. "Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss." Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). Connecticut's three-year personal injury statute of limitations applies to claims made pursuant to 42 U.S.C. § 1983 originating in Connecticut. See Walker v. Jastremski, 430 F.3d 560, 562 (citing Lounsbury v. Jeffries, 25 F.3d 131, 133 (2d Cir. 1994)).

The Complaint was filed on December 24, 2019. Therefore, all retaliation claims that are based on acts that occurred prior to December 24, 2016 are time-barred.

**B. Deputy Warden Mudano**

As to defendant Mudano, the Second Amended Complaint asserts retaliation claims based on alleged conduct that occurred on August 8, 2016 and in January 2017. For the reasons discussed above, the claim based on alleged conduct that took place on August 8, 2016 is time-barred.

Although the second part of the plaintiff's claim against Mudano is based on alleged conduct that occurred in January 2017, i.e. after December 24, 2016, the plaintiff did not make such an allegation until he filed his Amended Complaint (ECF No. 9) on March 10, 2020. The plaintiff's original complaint did not contain any facts that allege participation by Mudano in any retaliatory search that occurred in either August 2016 or January 2017. Thus, as discussed in the defendants' memorandum, these new allegations with respect to Mudano in the Amended Complaint do not relate back for the purposes of Fed. R. Civ. P. 15(c). See Defs.' Mem. Supp. Mot. Dismiss (ECF No. 51-1) at 9.

Therefore, all claims with respect to Mudano are being dismissed as time-barred.

**C. Licensed Practical Nurse Genego**

With respect to defendant Genego, the plaintiff bases his retaliation claim in part on alleged conduct that took place on March 1, 2016. For the reasons discussed above, that part of the retaliation claim is time-barred.

The plaintiff also bases the retaliation claim against
Genego on Genego's refusal to treat his knee injury in March of
2017 and delayed dental care in June of 2017. The plaintiff
alleges that this conduct occurred because of a grievance he
filed in February of 2016; he alleges that Genego told him in
March 2016 that he would regret filing the grievance.

"To state a First Amendment retaliation claim, a plaintiff
must establish that: (1) his speech or conduct was protected by
the First Amendment; (2) the defendant took an adverse action
against him; and (3) there was a causal connection between the
adverse connection and the protected speech [or conduct]." Cox
v. Warwick Valley Cent. School Dist., 654 F.3d 267, 272 (2d Cir.
2011)(citing Scott v. Coughlin, 344 F.3d 282,287 (2d Cir.
2003)). "[Incarcerated] plaintiffs may rely on circumstantial
evidence to prove their retaliation claims, such as temporal
proximity of events, but in doing so, the plaintiff must usually
provide some non-conclusory evidence that raises an inference of
'retaliatory animus' in order to proceed to trial." Parks v.
Blanchette, 144 F.Supp. 3d 282, 331 (D. Conn 2015).

The court agrees with the defendant that "[t]he lapse of
over one year between the alleged protected conduct (filing a
grievance) and retaliatory action (failure to the treat the knee
injury and delay in dental care) is simply insufficient temporal
proximity to support the plaintiff's retaliation claim against

LPN Genego." Defs.' Mem. Supp. Mot. Dismiss at 11. See Magilton v. Tocco, 379 F. Supp 2d 495, 504 (S.D.N.Y. 2005)("ordinarily the passage of nine months between the protected activity and the alleged retaliation is far too much to establish causation for a retaliation claim."). See also Agosto v. New York City Department of Education, 982 F.3d 86, 104 (2d Cir. 2020).

Therefore, all retaliation claims against Genego are being dismissed.

### D. Captain Rivera

The plaintiff's retaliation claim against Rivera is based in part on an allegedly retaliatory search and confiscation of property that occurred on August 8, 2016, and in part on an allegedly retaliatory search conducted in January 2017. To the extent the retaliation claim against Rivera is based on conduct that occurred on August 8, 2016, it is time-barred for reasons discussed above.

However, to the extent the retaliation claim is based on conduct that occurred in January 2017, it is not time-barred and the defendant does not contend that it should be dismissed.

### IV.  CONCLUSION

For the reasons set forth above, all claims in Count One against defendants Mudano and Genego and the claim against Rivera based on conduct that occurred in August 2016, as well as any other claim based on conduct that occurred prior to December

24, 2016, are dismissed.

The remaining claims in this case are the claim in Count One against Rivera to the extent that it is based on the allegedly retaliatory conduct that occurred in January 2017 and the claims in Count Two against Genego and Lightner. The Clerk shall update the docket to reflect that Guilianna Mudano is no longer a defendant in this case.

It is so ordered.


Dated this 6th day of January 2023, at Hartford, Connecticut.


                                    /s/AWT
                              Alvin W. Thompson
                        United States District Judge